David Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*ALICIA OLIVE*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ALICIA OLIVE,<br><br>        Plaintiff,<br><br>v.<br><br>LOANMAX, LLC,<br><br>        Defendant. | Civil Action No.: _____<br><br><br>**COMPLAINT** |

Plaintiff, ALICIA OLIVE ("Plaintiff" or "Borrower"), by and through her counsel, hereby complains, alleges and states against Defendant LoanMax, LLC ("Defendant", "LoanMax" or "Creditor") as follows:

**JURISDICTION AND VENUE**

1. This action arises out of Defendant's violation of the TCPA by

negligently, knowingly, and/or willfully placing automated calls to Plaintiff's cellular phone without consent.

2. Additionally, this action also arises out of Defendant's violations of NRS 604A by engaging in illegal, unprofessional and unfair collection tactics in its efforts to collect a title loan. When collecting a debt subject to the provisions of NRS 604A, a licensee must act in accordance with and must not violate sections 803 to 812, inclusive, of the federal Fair Debt Collection Practices Act ("FDCPA"), as amended, 15 U.S.C. §§ 1692a to 1692j, inclusive, "even if the licensee is not otherwise subject to the provisions of the [FDCPA]." NRS 604A.5068. As such, a violation of the FDCPA a though j is also a violation of NRS 604A.

3. This Court has federal question jurisdiction because this case arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"); 28 U.S.C. §1331; *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012). Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.1 over Plaintiff's Nevada Revised Statute 604A.101 *et seq.* ("NRS 604A") claims.

4. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because LoanMax is subject to personal jurisdiction in Clark

County, Nevada because it regularly conducts business there. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2). Further, Defendant has a registered agent of service in Nevada and is listed with the Nevada Secretary of State as a foreign limited liability company doing business in Nevada.

## PARTIES

5. Plaintiff is a natural person residing in Clark County, Nevada.

6. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff's allegations in this Complaint are based upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

8. Defendant is a foreign limited liability company doing business in Clark County, Nevada. Defendant is engaged in the business of providing, *inter alia*, title loan services for a fee, service charge or other consideration.

9. Defendant has been issued one or more licenses to operate a title loan service and is a "licensee" as that term is defined in NRS 604A.075.

10. Defendant is a "person," as defined by 47 U.S.C. § 153 (39).

11. Defendant, at all relevant times metioned herein, acted by and through

one or more of its employees, officers, agents, representatives, affiliates or subsidiaries.

### NRS 604A & FDCPA GENERAL ALLEGATIONS

12. On or about June 9, 2017, Defendant made a loan ("Loan") to Plaintiff and executed that certain Title Loan Agreement & Security Agreement ("Loan Agreement") with Plaintiff.

13. The annual percentage rate (APR) on the Loan was 209.59% and the terms of the Loan Agreement required Plaintiff to grant Defendant a perfected security interest in Plaintiff's vehicle, a 1999 Buick LeSabre ("Vehicle"). As such, the Loan constituted a "title loan" as that term is defined in NRS 604A.105.

14. Thereafter, Plaintiff unexpectedly lost her job, resulting in a significant decline in her income.

15. Plaintiff struggled just to cover her basic living expenses and was unable to pay her debts as they came due.

16. Plaintiff, an elderly woman, attempted to honor her agreement with Defendant. Plaintiff called Defendant and explained that because of her loss of employment she was unable to repay the Loan and informed Defendant that they could repossess the Vehicle at any time.

17. Plaintiff was abruptly informed by Defendant that they do not want the Vehicle and that she needed to pay the Loan.

18. Defendant engaged in a telephonic and texting barrage campaign to badger and harass Plaintiff to collect the Loan. Defendant repeatedly called and texted Plaintiff in a manner that would be unfair to any reasonable consumer.

19. On or about September 2, 2017, after enduring the harassing phone calls and texts for weeks, Plaintiff verbally instructed Defendant to "stop calling."

20. Despite Plaintiff's demand that Defendant stop calling, Defendant knowingly and willfully ignored Plaintiff and continued to bully, belittle and beleaguer Plaintiff with repeated collection communications – including phone calls.

21. Defendant informed Plaintiff that it did not want the Vehicle and would not repossess the Vehicle, but then repossessed the Vehicle in an effort to confuse and harass Plaintiff.

22. The Vehicle was ultimately repossessed and impounded by Defendant and then sold at auction on or after April 1, 2018.

23. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful, unprofessional and unfair collection tactics and conduct.

24. As a direct consequence of Defendant's harassing phone calls, acts, practices and conduct, Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, rage, headaches, an upset stomach, heart

palpitations, and has otherwise been totally annoyed by Defendant's intrusive and illegal collection efforts.  Plaintiff has also lost the use of personal and family time while enduring these frustrations.

### TCPA GENERAL ALLEGATION

25. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

26. The TCPA regulates, among other things, the use of automated telephone dialing systems.  47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

    (A)   to store or produce telephone numbers to be called, using a random or sequential number generator; and

    (B)   to dial such numbers.

27. The TCPA specifically prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.  47 U.S.C. § 227(1)(A)(iii).

28. Consumers have a right to revoke consent, using any reasonable means or method, including orally or in writing.  Nothing in the language of the TCPA or its legislative history indicates that Congress intended to override a consumer's common law right to revoke consent.

29. Additionally, the express terms of the Loan Agreement authorized

Plaintiff to revoke consent and stop calls by telling an employee of Defendant to stop.

30. From June 2017 into 2018, Plaintiff received numerous calls and texts from Defendant from the following phone number: (702) 413-1371.

31. Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in "3796" via an ATDS as defined by 47 U.S.C. § 227(a)(1). Specifically, there were slight pauses before each call connected. Moreover, the calls were made using an artificial voice, a prerecorded voice, or an automated text message.

32. Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

33. The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

34. Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

35. No later than September 2, 2017, Plaintiff revoked Defendant's authority to call Plaintiff by expressly informing an employee of Defendant to "stop calling."

36. Despite Plaintiff's demand that Defendant stop calling, Defendant knowingly and willfully ignored Plaintiff and continued to bully, belittle and beleaguer Plaintiff with repeated calls and text messages, using an ATDS.

37. Plaintiff suffered actual harm and loss, since the unwanted calls depleted Plaintiff's cell phone's battery, and the cost of electricity to recharge the phone is a tangible harm. While small, this cost is a real one, and the cumulative effect can be consequential, just as is true for exposure to X-rays resulting from Defendant's unwanted phone calls to Plaintiff's cell phone.

38. Plaintiff also suffered from an invasion of a legally protected interest by placing calls to Plaintiff's personal phone line when Defendant had no right to do so, resulting in an invasion of Plaintiff's right to privacy. The TCPA protects consumers from this precise behavior.

39. Plaintiff has a common law right to privacy. *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890). Congress sought to further protect that right by enacting the TCPA.

40. Plaintiff was also personally affected, since Plaintiff felt that her privacy had been invaded when Defendant placed calls to Plaintiff's phone line without any consent to do so.

## COUNT I

### Violations of the FDCPA
### (as incorporated through NRS 604A.415)

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Any violation of 15 U.S.C. §§ 1692a through j constitutes a violation of NRS 604A.415.

43. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

44. Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused Plaintiff's phone to ring repeatedly or engaged Plaintiff in repeated conversations in connection with the collection of a debt.

45. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant engaged in false, deceptive or misleading behavior in connection with the collection of a debt, informing Plaintiff that it did not want the Vehicle and then repossessing the Vehicle.

46. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed various false representations and deceptive means to collect a debt.

47. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant employed various unfair, unlawful and unprofessional methods to collect the debt.

48. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA (and therefore also constitute violations of NRS 604A.415), including every one of the above-cited provisions.

49. Plaintiff is entitled to damages as a result of Defendant's violations.

50. Plaintiff has been required to retain the undersigned as counsel to protect Plaintiff's legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II

### Negligent Violations of the Telephone Consumer Protection Act, (47 U.S.C. § 227, *et seq*.)

51. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

52. Defendant negligently placed multiple automated calls to cellular numbers belonging to Plaintiff after Plaintiff revoked consent.

53. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

54. As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

55. Additionally, Plaintiff is entitled to and seek injunctive relief

prohibiting such conduct by Defendant in the future.

## COUNT III

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, (47 U.S.C. § 227, *et seq.*)

56. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

57. Defendant knowingly and/or willfully placed multiple automated calls to cellular numbers belonging to Plaintiff after Plaintiff revoked consent.

58. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

59. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

60. Additionally, Plaintiff is entitled to seek injunctive relief prohibiting such conduct by Defendant in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant awarding Plaintiff:

1. for consequential damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

2. for statutory damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

3. for an award of actual damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

4. for an award of punitive damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

5. for an award of costs of litigation and reasonable attorney's fees pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

6. "void" the Debt, bar Defendant from collecting thereon, and compel Defendant to turnover any principal, interest or other charges or fees collected on the Debt pursuant to NRS 604A.900(1).

7. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

8. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

9. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

10. any other legal or equitable relief that the court deems appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 8, 2018

                                           Respectfully submitted,

                                           By  /s/ David Krieger, Esq.

                                           David Krieger, Esq.
                                           Nevada Bar No. Haines & Krieger
                                           HAINES & KRIEGER, LLC
                                           8985 S. Eastern Avenue, Suite 350
                                           Henderson, Nevada 89123
                                           Phone: (702) 880-5554
                                           FAX: (702) 385-5518
                                           Email:

                                           Attorney for Plaintiff
                                           *ALICIA OLIVE*